

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 18, 2024

By ECF
Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Walker v. U.S., et al.*, No. 23-cv-9151 (Block, J.) (Marutollo, M.J.)

Dear Judge Block:

      This Office represents defendants United States of America, Federal Bureau of Prisons, and Metropolitan Detention Center (collectively, "Defendants") in this action. Defendants respectfully submit this pre-motion conference letter, pursuant to Section 2.A of the Court's Individual Practices, to request a pre-motion conference for their proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### I.    Relevant Background

      According to the complaint, Plaintiff was incarcerated at the Metropolitan Detention Center (the "MDC") in Brooklyn, New York on or before July 10, 2020. *See* Compl., ECF No. 1, at ¶ 43. Plaintiff alleges that he was attacked by a fellow inmate that evening, and was stabbed multiple times, including in the eye. *Id*. at ¶¶ 45-47. Plaintiff claims that, following this attack, when MDC staff arrived to assist, he was pepper-sprayed in the eyes. *Id.* at ¶ 48. Plaintiff further alleges that MDC delayed in obtaining him follow up medical treatment. *Id.* at ¶¶ 53-55. Plaintiff brings twelve claims – negligence claims purportedly arising under the Federal Tort Claims Act ("FTCA") and constitutional claims arising under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). All of Plaintiff's claims are brought against Defendant United States of America.

### II.    Plaintiff's *Bivens* Claims Must Be Dismissed

      Plaintiffs Ninth through Twelfth Claims for Relief are all *Bivens* claims purportedly pled against "Defendant United States of America." Compl. at p. 22-28. However, it is "beyond dispute" that *Bivens* claims "cannot be brought against the federal government." *M.E.S., Inc. v. Snell*, 712 F.3d 666, 672 (2d Cir. 2013) (citation omitted) ("[T]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts."); *see also Levinson v. U.S. Fed. Bur. of Prisons, Metro. Corr. Ctr.*, 594 F. Supp. 3d 559, 567–68 (S.D.N.Y. 2022) (same). Accordingly, Plaintiff's *Bivens* claims must be dismissed.[1]

---

[1] Even if Plaintiff's *Bivens* claims were properly pled against MDC employees in their individual capacities, which they are not, his allegations fail to state a viable *Bivens* claim. The Supreme Court has cautioned that expanding *Bivens* beyond three, specific contexts – none of which exists here – is "a 'disfavored' judicial activity." *Ziglar v.*

Plaintiff's purported *Bivens* claims must also be dismissed because Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) ("PLRA"). The PLRA provides that no action "with respect to prison conditions" may be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to *Bivens* claims. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA requires "proper exhaustion," that is, "a prisoner must complete the administrative review . . . as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). To that end, Bureau of Prisons inmates must complete four hierarchical steps to exhaust their administrative remedies: (i) "informally" present an issue to staff in an effort to resolve the problem, (ii) submit a written Administrative Remedy Request via a "BP-9" form within twenty days of the alleged incident, (iii) submit an appeal via a "BP-10" form to the appropriate BOP Regional Director within twenty days of the denial of the Request, and (iv) submit a further appeal via a "BP-11" form to the BOP's General Counsel within thirty days of the Regional Director's decision. *See* 28 C.F.R. §§ 542.13-15.

Although Plaintiff filed a grievance, he did not complete the four-step process set forth in the regulations above. Thus, Plaintiff failed to properly or timely exhaust his administrative remedies with respect to his claims. *See* 28 C.F.R. § 542.14 (requiring appeal within 20 days of adverse decision). Accordingly, Plaintiff's *Bivens* claims must be dismissed. *See, e.g., Caraballo v. Pliler*, No. 21-cv-10476 (PMH), 2023 WL 3467185, at *4–6 (S.D.N.Y. May 15, 2023); *Perez-Lopez v. Bialor*, No. 20-cv-02518, 2023 WL 2682922, at *4 (E.D.N.Y. Mar. 29, 2023); *Johnson v. Santiago*, 624 F. Supp. 3d 295, 304 (E.D.N.Y. 2022).[2]

### III. Plaintiff's Claims for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Gross Negligence in the Hiring, Training and Retention of Employees, Negligence, and Negligent Guard Must Be Dismissed For Failure To State A Claim And/Or Lack Of Jurisdiction

Plaintiff's Third Claim, for Intentional Infliction of Emotion Distress ("IIED"), must be dismissed for failure to state a claim. Courts have dismissed IIED claims where, as here, the complaint "is devoid of facts supporting the conclusions that [MDC] employees engaged in such extreme or outrageous conduct or that they had the intent to cause him severe emotional distress." *Searles v. United States*, No. 21-CV-6570 (RA), 2022 WL 2829912, at *6 (S.D.N.Y. July 20, 2022), *appeal dismissed* (June 16, 2023). Further, federal district courts in this Circuit "have consistently held that the tort of intentional infliction of emotional distress may not be used as a substitute for an available traditional tort theory." *Taylor v. City of Rochester*, 458 F. Supp. 3d 133, 145–46 (W.D.N.Y. 2020) (dismissing IIED claim where it was subsumed by plaintiff's assault and battery claims). Here, Plaintiff's IIED claim is duplicative of his assault and battery claims (to the extent he alleges excessive force) and his medical negligence claim (to the extent he alleges delay in medical care).

---

*Abbasi*, 582 U.S. 120, 135 (2017). In its most recent decisions, the court has narrowed *Bivens* even further. *Egbert v. Boule*, 596 U.S. 482 (2022).

[2] The case Plaintiff cites to support his contention that his failure to follow the proper procedure is excusable because he was "transferred to a different facility" and the regulations were too "opaque" (Compl. at para. 23-24, citing *Williams v. Priatno*, 829 F.3d 118, 124 (2016)), involved a situation where plaintiff's grievance was *never filed* by prison staff. In this case, there is no dispute that Plaintiff's grievance was filed.

2

Plaintiff's Fourth (Negligent Infliction of Emotional Distress ("NIED")), Sixth (Gross Negligence in the Hiring, Training and Retention of Employees), and Seventh (Negligence) claims (collectively, the "Negligence Claims") all must be dismissed for failure to state a claim. The only circumstance in which a prisoner can recover under a theory of negligence for failure to protect him from another inmate's assault, is when the prisoner can demonstrate "that the prison officials failed to provide adequate supervision to prevent that which was 'reasonably foreseeable.'" *Smith v. Chief Exec. Officer*, No. 00-cv-2521, 2001 WL 1035136, at *6 (S.D.N.Y. Sept. 7, 2001) (citations omitted). Where Plaintiff alleges "no prior physical altercations" between plaintiff and another inmate, courts have found that an attack was not reasonably foreseeable and have dismissed the claims. *Id.* (citations omitted); *Marshall v. United States*, 242 F. Supp. 2d 395, 397–98 (S.D.N.Y. 2003) (similar); *Calix v. Pope*, No. 18CV3980, 2023 WL 6385340, at *5–7 (E.D.N.Y. Sept. 30, 2023) (similar).

Alternatively, plaintiff's Negligence Claims must be dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), because maintaining the security of the prison is a discretionary function that would preclude liability under the FTCA. Pursuant to the discretionary function exception ("DFE"), "the Government is not liable for any claim 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of ... an employee of the Government.'" *Searles*, 2022 WL 2829912, at *3 (citation omitted). To the extent that Plaintiff claims that Defendants were negligent in their decisions concerning how to care for and protect the prison population, or supervise and train employees, these decisions fall squarely within the ambit of the DFE. *See, e.g.*, *Russo v. United States, No. 22-1869-CV, 2024 WL 726884, at *1 (2d Cir. Feb. 22, 2024); Searles*, 2022 WL 2829912, at *3; *Ojo v. U.S.*, No. 16-cv-4112, 2019 WL 3852391, at *8-9 (E.D.N.Y. Aug. 15, 2019), *report and recommendation adopted* (E.D.N.Y. Sept. 23, 2019); *Young v. U.S.*, No. 12-CV-2342, 2014 WL 1153911, at *12–13 (E.D.N.Y. Mar. 20, 2014); *Chen v. U.S.*, No. 09-CV-2306, 2011 WL 203943 3, at *8 (E.D.N.Y. May 24, 2011), *aff'd sub nom. Qin Chen v. U.S.*, 494 F. App'x 108 (2d Cir. 2012).[3]

Finally, Plaintiff's Eighth Claim (Negligent Guard) also must be dismissed for failure to state a claim. While the Second Circuit has recognized a carve-out to the DFE known as the "negligent guard" theory, that theory only applies where that "an official's 'lazy or careless failure to perform his or her discretionary duties'" is involved. *Banks v. U.S.*, 10-cv-4100454, 2011 WL 4100454, at *13 (S.D.N.Y. Sept. 15, 2011) (quoting *Coulthurst v. U.S.*, 214 F.3d 106, 109-10 (2d Cir. 2000)); *see also Searles*, 2022 WL 2829912, at *5. Here Plaintiff made no such allegation.[4]

For all these reasons, Defendants respectfully request that the Court schedule a pre-motion conference as to their proposed motion to dismiss. Defendants thank the Court for its consideration of this matter.

---

[3] To the extent Plaintiff makes allegations regarding medical treatment or excessive force in connection with the above-referenced negligence claims, the claims should also be dismissed as duplicative of the medical negligence, assault, and battery claims. *See, e.g.*, *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90 (2d Cir. 2014) (finding negligence claim was "duplicative" of medical malpractice claims); *see also C.T. v. Valley Stream Union Free Sch. Dist.*, 201 F. Supp. 3d 307, 327 (E.D.N.Y. 2016); *Colon v. New York State Dep't of Corr. & Cmty. Supervision*, No. 15 CIV. 7432 (NSR), 2017 WL 4157372, at *11 (S.D.N.Y. Sept. 15, 2017).

[4] Nor is this a situation where a complaint is entitled to "special solicitude" due to a plaintiff's pro se status – here plaintiff is represented by counsel. *Searles*, 2022 WL 2829912, at *5 (citing *Triestman*, 470 F.3d at 475).

                        Very truly yours,

                        BREON PEACE
                        United States Attorney

By:   */s/ Marika M. Lyons*
                        Marika M. Lyons
                        Assistant U.S. Attorney
                        (718) 254-6484
                        Marika.lyons@usdoj.gov

cc:    Hugo G. Ortega, *counsel for Plaintiff,* via ECF